1
2
3
4
5
6
7
8
9

NOTE CHANGES MADE BY THE COURT.

10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUELYN CUNNINGHAM, | Case No. CV07 06636 DSF (PLAx) |
| Plaintiff, | (Assigned to Honorable Dale S. Fischer) |
| v. | [~~PROPOSED~~] **PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL INFORMATION** |
| DS WATERS, a private corporation; Steve Erdman, individually and as Vice President of Human Resources for DS Waters; Kevin Altieri, individually and as Director of Customer Service for DS Waters; Amy B. Gumbs, individually and as Human Resources Manager for DS Waters; and Does 1-10, | Complaint Filed: October 12, 2007 |
| Defendants. | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

LA1 6679830.1

1

## ORDER

2

GOOD CAUSE APPEARING, it is hereby ORDERED that the Parties shall

3

comply with and be bound by the provisions of the attached Stipulation concerning

4

Confidential Information, as amended by the Court.

5

**IT IS SO ORDERED.**

6

7  Dated: ___3/13/08___                          [signature]

8                                                ~~The Honorable Dale S. Fischer~~
                                                 ~~United States District Judge~~
                                                 **PAUL L. ABRAMS**

9

10                                               **U.S. MAGISTRATE JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LA1 6679830.1

1  SEYFARTH SHAW LLP
   Thomas R. Kaufman (SBN 177936)
2  tkaufman@seyfarth.com
   Jennifer N. Sloane (SBN 237233)
3  jsloane@seyfarth.com
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  Attorneys for Defendant
   DS WATERS OF AMERICA, INC.
7  (ERRONEOUSLY SUED AS DS WATERS),
   STEVE ERDMAN, KEVIN ALTIERI,
8  AND AMY B. GUMBS

9

10                      UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12 | JACQUELYN CUNNINGHAM,           ) Case No. CV07 06636 DSF (PLAx)
                                    )
13 |         Plaintiff,              ) (Assigned to Honorable Dale S.
                                    ) Fischer)
14 |    v.                           )
                                    ) **STIPULATION AND [PROPOSED]**
15 | DS WATERS, a private corporation; ) **PROTECTIVE ORDER RE**
   Steve Erdman, individually and as Vice ) **PRODUCTION OF**
16 | President of Human Resources for DS ) **CONFIDENTIAL INFORMATION**
   Waters; Kevin Altieri, individually and )
17 | as Director of Customer Service for DS ) Complaint Filed: October 12, 2007
   Waters; Amy B. Gumbs, individually and)
18 | as Human Resources Manager for DS   )
   Waters; and Does 1-10,            )
19                                     )
20 |         Defendants.               )

21
22
23
24
25
26
27
28

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LA1 6677567.2

   WHEREAS, Plaintiff Jacqueline Cunningham has requested, and Defendants DS Waters of America, Inc. (erroneously sued as DS Waters), Steve Erdman, Kevin Altieri, and Amy B. Gumbs have agreed to provide access to, documents and information related to its financial and operational information, payroll records and analyses, personnel records, and other documents or information related to Defendants' employees, the provision of services to clients and tax-related information of clients.

   WHEREAS, many of the documents and information Defendants have agreed to provide Plaintiff reflect trade secrets and other highly confidential and proprietary business information, including but not limited to (i) documents and information derived from proprietary computer databases; (ii) documents and information reflecting operations; (iii) private employee records; and, (iv) confidential documents and information relating to services and advice provided by Defendants to their clients.

   WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

   WHEREFORE, in light of the substantial volume of materials and information at issue and that many of these materials and information are of the type deserving of protection, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, Plaintiff and Defendants (collectively, "the Parties"), by and through their respective counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, HEREBY

-1-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LA1 6677567.2

1  STIPULATE, AGREE, AND JOINTLY REQUEST, that a protective order should
2  be entered according to the following terms and provisions:
3      1.    This Stipulation and Protective Order shall govern documents,
4  materials, depositions or other testimony, deposition exhibits, interrogatory
5  responses, responses to requests for admissions, and other information (all such
6  materials and information shall be referred to as "Information") produced by the
7  Parties (or third-parties) in connection with this case.
8      2.    Any Information that a party believes in good faith contains or
9  comprises any confidential, proprietary, commercially sensitive or trade secret
10 information ("Confidential Information") produced by a party to this litigation or a
11 third-party in connection with this case ("the Producing Party") may be designated
12 by the Producing Party as "Confidential" by marking or designating the
13 information in the manner provided in paragraph 3 of this Stipulated Protective
14 Order. In addition, any Information that contains private personal information may
15 also be designated as "Confidential." Failure of counsel to designate Information
16 as Confidential shall not be deemed a waiver of confidentiality, however.
17     3.    Any Confidential Information shall be designated "Confidential" by
18 the Producing Party by so identifying the material with the appropriate legend.
19 Whenever counsel for a party deems that any question or line of questioning calls
20 for the disclosure of information which should be treated as Confidential
21 Information, or when Confidential Information is used during or in connection
22 with a deposition, counsel may: (i) designate on the record prior to such disclosure
23 that such information is being designated as "Confidential" or (ii) give written
24 notice to all other counsel that such information is being designated as
25 "Confidential" within twenty-one (21) days after receiving a copy of the deposition
26 transcript. Only those portions of the transcript of the deposition designated
27 "Confidential" shall be so treated, except that all copies of deposition transcripts
28 that contain designated Information shall be prominently marked "Confidential" on

-2-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LA1 6677567.2

1  the cover, and when filed with the Court, in whole or in part, shall be filed under
2  seal. For convenience, if a deposition transcript contains repeated references to
3  Confidential Information which cannot be conveniently segregated from non-
4  confidential information, any party may request that the entire transcript be
5  designated Confidential.
6       4.   A party may designate as "Confidential" documents or discovery
7  materials produced by a non-party by providing written notice to all parties of the
8  relevant documents numbers or other identification within thirty (30) days after
9  receiving such documents or discovery materials. Any party or non-party may
10 voluntarily disclose to others without restriction any information designated by that
11 party or non-party as confidential, although a document will lose its confidential
12 status if it is made public.
13      5.   Absent a specific order by this Court, and except as provided below,
14 once Information has been designated as "Confidential," it may be used solely in
15 connection with the following action: *Cunningham v. DS Waters, et al.*, United
16 States District Court, Central District of California, Case No. CV07 06636 DSF
17 (PLAx), and shall not be used for any business, proprietary or commercial purpose.
18 Any Confidential Information that is produced shall be produced only to counsel of
19 record for the parties in this litigation. Counsel for any party who obtains any
20 Confidential Information from any other party shall protect it and its contents from
21 disclosure to anyone save the persons designated in this paragraph. Counsel of
22 record may disclose Confidential Information where necessary to the proper
23 preparation for and trial of this case to: (i) their employees' (ii) independent
24 experts or consultants retained for the purpose of aiding counsel of record in
25 connection with counsel's preparation for and trial of this case; (iii) witnesses and
26 deponents testifying under oath, where examining counsel has a good faith basis
27 for believing that the witness or deponent has information or testimony pertinent to
28

-3-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LAI 6677567.2

1  the Confidential Information; (iv) the parties to this litigation; and (v) this Court
2  and members of its staff.

3        6.    Before any such Confidential Information, or substance or summary
4  thereof, shall be disclosed to experts or consultants retained by the Parties, the
5  Parties are hereby ordered to tender a copy of this Stipulation and Protective Order
6  to each such expert or consultant in order that each such entity or person to whom
7  such disclosure of Confidential Information is made shall be on notice and fully
8  informed that the existence and substance of the Stipulation and Protective Order
9  is, and is intended to be, equally binding upon it, him or her, as well as upon the
10 Parties and their counsel.  In addition, those experts and/or consultants shall sign
11 and abide by the terms of the declaration attached as Exhibit A.  Those experts and
12 consultants shall not give, show or otherwise divulge any of the Confidential
13 Information to any entity or person except as specifically provided for by this
14 Stipulation and Protective Order.

15       7.    If the Plaintiff retains an expert who currently is or who has been
16 employed by any entity that is currently or has been at any point since January 1,
17 2003, a competitor or customer of Defendants (or their affiliates) in the marketing,
18 or provision of their various services, the Plaintiff shall provide notice to counsel
19 for Defendants at least ten (10) business days before disclosing to such expert any
20 Confidential Information.  Defendants shall then have an opportunity to challenge
21 the disclosure of such Confidential Information to the expert by conferring with
22 Plaintiff pursuant to Civil Local Rule 37-1.  If the Parties are unable to settle their
23 differences, they will file a joint, written stipulation with the Court, pursuant to
24 Civil Local Rule 37-2.  Once Defendants have served a letter requesting a
25 conference, pursuant to Civil Local Rule 37-1, Plaintiff shall be prohibited from
26 disclosing any Confidential Information to such expert without an order of the
27 Court or the written consent of counsel for Defendants.  If any party wishes to file
28 the Joint Stipulation required by Civil Local Rule 37-2 under seal, the Parties may

-4-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

LAI 6677567.2

1  file a stipulation to that effect or the moving party may file an ex parte application
2  making the appropriate request. Good cause must be set forth in the stipulation or
3  ex parte application as to why the Joint Stipulation or portions thereof should be
4  filed under seal.

5      8.    Subject to paragraph 5(iii) above, discovering counsel may show
6  Confidential Information to a witness at a deposition and examine that witness
7  concerning the same. Examining counsel may, in the course of the deposition
8  inquire as to whether the witness agrees to be bound by the terms of this Protective
9  Order. If the witness does not so agree, then neither the witness nor his counsel, if
10 any, may retain or be given any copy of the Confidential Information including,
11 but not limited to, a copy of any pages of the transcript of the deposition that are
12 designated CONFIDENTIAL. In the event of such refusal by the witness, the
13 reporter shall be instructed to give the witness written notice when the transcript
14 has been prepared, stating that the witness may inspect the transcript and its
15 exhibits in the reporter's office, and that if the original deposition transcript is not
16 signed within thirty (30) days after the date of the notice, it will be used as if it had
17 been signed. The witness shall not be furnished with a copy of portions of the
18 deposition transcript or exhibits that have been designated as CONFIDENTIAL. If
19 the witness does not sign the original deposition transcript within thirty (30) days
20 after the date of the written notice described in this paragraph, the deposition
21 transcript may be used as if it had been signed.

22     9.    Any Confidential Information that is filed with or submitted to the
23 Court shall be filed under seal. If any Confidential Information is submitted to the
24 Court under seal, the party submitting the Confidential Information shall file a
25 copy of the pleading containing the Confidential Information in redacted form.
26 Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects
27 the standards that will be applied when a party seeks permission from the Court to
28 file material under seal.

10. The designation of Information as Confidential shall not be considered conclusive or binding on any party, and such designation may be contested by noticed motion at any time. If at any time during the pendency of this action, counsel for either Party believes that counsel for the other Party has unreasonably claimed that certain Information should be designated as confidential, objecting counsel may attempt to resolve the dispute through a conference of counsel pursuant to Civil Local Rule 37-1. If the Parties are unable to settle their differences, they will file a joint, written stipulation with the Court, pursuant to Civil Local Rule 37-2. If any party wishes to file the Joint Stipulation required by Civil Local Rule 37-2 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. Good cause must be set forth in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. However, unless and until an order of this Court sets aside a designation of Information as Confidential, all Information so designated shall be treated as Confidential, pursuant to the terms of this Stipulation and Protective Order.

11. Nothing contained herein shall extend beyond the commencement of trial or prevent any party from using Confidential Information in connection with any trial, hearing, or other public proceeding in this matter, provided the party seeking to use the information affords counsel for the Producing Party at least ten (10) business days advance notice. The Producing Party shall then have an opportunity to challenge the use of the Confidential Information in a public proceeding by conferring with the party seeking to use the information pursuant to Civil Local Rule 37-1. If the Parties are unable to settle their differences, they will file a joint, written stipulation with the Court, pursuant to Civil Local Rule 37-2. The Producing Party will set forth in its portion of the Joint Stipulation good cause for why the Confidential Information should be kept and/or maintained confidential through trial. Once the Producing Party has served a letter requesting

-6-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

LA1 6677567.2

1    a conference pursuant to Civil Local Rule 37-1, the party seeking to use the
2    information shall be prohibited from using the Confidential Information in a public
3    proceeding without an order of the Court or the written consent of counsel for the
4    Producing Party. If any party wishes to file the Joint Stipulation required by Civil
5    Local Rule 37-2 under seal, the Parties may file a stipulation to that effect or the
6    moving party may file an ex parte application making the appropriate request.
7    Good cause must be set forth in the stipulation or ex parte application as to why the
8    Joint Stipulation or portions thereof should be filed under seal.

9       12.    Producing or receiving materials or otherwise complying with the
10   terms of this Stipulation and Protective Order shall not:

11       1.    Prejudice the rights of either Party to object to the production of
12   documents it considers not subject to discovery;

13       2.    Prejudice the rights of either Party to object to authenticity or
14   admissibility of any document, testimony or evidence subject to this Stipulation
15   and Protective Order;

16       3.    Prejudice the right of either Party to seek this Court's
17   determination whether particular information should be produced or should be
18   subject to the terms of this Stipulation and Protective Order;

19       4.    Prejudice the rights of either Party to apply to this Court for a
20   further protective order relating to any Information; or

21       5.    Prevent the Parties from agreeing in writing to alter or waive
22   the provisions or protections provided for herein with respect to any particular
23   Information and to seek Court approval for such modification, if necessary.

24       13.    This Stipulation and Protective Order has no effect upon, and its scope
25   shall not extend to, any party's use of its own Confidential Information.

26       14.    The provisions of this Stipulation and Protective Order shall, absent
27   written permission of the Producing Party or further order of this Court, continue

28

1. to apply after the conclusion of this action, including without any limitation any appeals therefrom.

2. 15. Within 45 days after termination of this litigation, including any appeals therefrom, the originals and all copies of Information retained by the Parties and designated as "Confidential" shall, at the direction of the Producing Party, be destroyed or turned over to the Producing Party.

3. 16. This Stipulation shall, subject to Court approval, be binding upon the Parties upon their signature hereto and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby. In the event that the Court does not enter into the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms which the Court finds objectionable.

4. 17. The Parties acknowledge and hereby declare that: (a) this Stipulation and Protective Order are in the public interest because the substantial volume of Information to be produced makes a document-by-document review impracticable and unduly burdensome, and because much of the Information to be produced includes trade secrets and other highly confidential proprietary business information; (b) the Producing Party has cognizable interests in the materials sought to be protected, including but not limited to highly sensitive trade secrets and other highly confidential proprietary business information; and (c) disclosure of the material sought to be protected may cause serious harm to the Producing Party by exposing this confidential information to competitors.

//
//
//
//
//
//

18. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

## STIPULATION

**IT IS SO STIPULATED.**

DATED: March 12, 2008

SEYFARTH SHAW LLP

By _____
Jennifer N. Sloane
Attorneys for Defendants
DS WATERS OF AMERICA, INC.
(ERRONEOUSLY SUED AS DS WATERS), STEVE ERDMAN, KEVIN ALTIERI, AND AMY B. GUMBS

DATED: February ___, 2008

STONE BUSAILAH, LLP

By _____
Stephen P. Chulak
Attorneys for Plaintiff
JACQUELINE CUNNINGHAM

-9-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LA1 6677567.2

18. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

## STIPULATION

IT IS SO STIPULATED.

DATED: February ___, 2008        SEYFARTH SHAW LLP

By _____
Jennifer N. Sloane
Attorneys for Defendants
DS WATERS OF AMERICA, INC.
(ERRONEOUSLY SUED AS DS
WATERS), STEVE ERDMAN, KEVIN
ALTIERI, AND AMY B. GUMBS

DATED: ~~February~~ *March* 12, 2008        STONE BUSAILAH, LLP

By _____
Stephen P. Chulak
Attorneys for Plaintiff
JACQUELINE CUNNINGHAM

-9-
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
LA1 6677567.2

# EXHIBIT A

## DECLARATION REGARDING CONFIDENTIALITY

I, _____, declare:

1. I reside at _____.

2. I have read the Stipulation and Protective Order dated April __, 2007, entered in the litigation between Plaintiff Jacqueline Cunningham and Defendants DS Waters of America, Inc. (erroneously sued as DS Waters), Steve Erdman, Kevin Altieri, and Amy B. Gumbs (collectively, "the Parties"), *Cunningham v. DS Waters, et al.*, United States District Court, Central District of California, Case No. CV07 06636 DSF (PLAx) (" the Order").

3. I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any information obtained pursuant to the Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Declaration Regarding Confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on at _____ at _____.

_____
(Signature)